Commission, and the respondents, and the precise boundaries of the *locus in quo* are immaterial under the well-settled doctrine of estoppel of a tenant to dispute his landlord's title. (*Tilyou* v. *Reynolds*, 108 N. Y. 558, 563; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40, 46.) The deed from the Seamans to the respondents dated June 19, 1926, is ineffectual as a defense. The claim under the deed is in hostility to the landlord's title and the tenants are estopped from setting it up while continuing in possession. (*Sharpe* v. *Kelley*, 5 Den. 431; *O' Donnell* v. *McIntyre*, 37 Hun, 623, 626; affd., 118 N. Y. 156.) The conventional relation of landlord and tenant passed to the State, and the estoppel against a tenant's denial of his landlord's title is available to the lessor's successor and may be invoked by it in summary proceedings. (*Drake* v. *Cunningham*, 127 App. Div. 79, 81.) It was not necessary for the plaintiff to join as parties defendant the respondents' assignors. (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601, 608; *Woodhull* v. *Rosenthal*, 61 id. 382, 391; *Ward* v. *Burgher*, 90 Hun, 540, 541.) We are furthermore of opinion that the proceedings were properly brought against the tenants, respondents. It rested with the State, in the circumstances of the cases, to determine this status. Nor can the respondents in these proceedings attack the validity of the deed given by the town of Oyster Bay to the State. Lazansky, P. J., Kapper, Hagarty and Davis, JJ., concur; Scudder, J., not voting.

DANIEL S. REDNER, Appellant, v. THEODORE R. STAUBLE, Respondent.— The decision of this court handed down on June 30, 1932 [*ante*, p. 708], is hereby amended to read as follows: Order on reargument, setting aside the verdict and granting a new trial, unanimously affirmed, with costs to respondent to abide the event. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

M. RUTH WORRAL REDNER and DANIEL S. REDNER, Appellants, v. THEODORE R. STAUBLE, Respondent.— The decision of this court handed down on June 30, 1932 [*ante*, p. 708], is hereby amended to read as follows: Order on reargument, setting aside the verdict and granting a new trial, unanimously affirmed, with costs to respondent to abide the event. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

LOUIS SCHUSTERMAN, Respondent, v. KEW FOREST CONSTRUCTION CORPORATION, Appellant.— Order denying defendant's motion to dismiss the complaint reversed on the law, with ten dollars costs and taxable disbursements, and motion granted, with ten dollars costs. The action to recover the deposit of $2,500 security, less the amount of the judgment obtained against the tenant for non-payment of rent, is premature. The landlord is entitled to retain the deposit to secure it against damages to be measured by the difference between the rent fixed by the lease and the amount the landlord may receive during the balance of the demised term. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

BENEDICT SEMMEL, Respondent, v. LAKE HUNTINGTON TRANSPORTATION CORPORATION, Appellant.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event, on the ground that plaintiff failed to prove the operation and control by defendant of the bus which struck and injured him. The stipulation received by this court on the argument does not cover the defect. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

JOSEPH STARK, Respondent, v. CLARK STORES, INC., Appellant.— Order of Appellate Term affirming final order and judgment of the Municipal Court reversed on the law and the facts, with costs, final order and judgment of the Municipal Court